UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RANDY N. SEWELL,

         Plaintiff,

  v.                                      CAUSE NO. 3:20-CV-334-DRL-MGG

DORTHY LIVERS,

         Defendant.

## OPINION & ORDER

Randy N. Sewell, a prisoner without a lawyer, filed an amended complaint alleging he has been denied medical treatment at the Westville Correctional Facility. ECF 6. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Sewell alleges he has sought medical treatment for his lower back, spine, and right knee since November 8, 2019. He alleges his pain medication has been cancelled. He was told by a nurse he had been referred to a physician, but he has not seen a physician since. He alleges he has written to Dorthy Livers who is responsible for scheduling appointments, but she "has purposely ignored my complaints and neglected to medically treat my chronic care conditions by not seeing me, Randy N. Sewell, or referring me to the provider, Dr. Liaw." ECF 6 at 3.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate

indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks, brackets, and citations omitted). Liberally construed, Mr. Sewell has plausibly alleged Dorthy Livers was deliberately indifferent to his need for medical treatment of his lower back, spine, and right knee.

Mr. Sewell also names three other defendants. Dr. Liaw, whom he alleges he has not seen, is only alleged to have ordered a blood test for an unrelated condition in January 2020. He alleges he never got the blood test, but it would not be plausible to infer that was because of Dr. Liaw.

John R. Harvil is alleged to have not properly processed his grievances. However, the mishandling of his grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim. *Owens v. Godinez*, 860 F.3d 434, 438 (7th Cir. 2017) (quotation marks and citation omitted).

Wexford of Indiana, LLC, is named in the caption, but not included in the list of defendants. Since Mr. Sewell wrote that he is only suing three defendants, it appears he copied the caption from the original complaint but is not actually trying to sue Wexford in the amended complaint. However, to the extent he is, he does not state a claim because the only discussion of Wexford in the body of the complaint is mentioning that it is the company contracted to provide medical care. That alone does not state a claim. *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). These three defendants must be dismissed.

For these reasons, the court:

(1) GRANTS Randy N. Sewell leave to proceed against Dorthy Livers in her individual capacity for compensatory and punitive damages for being deliberately indifferent to his need for medical treatment of his lower back, spine, and right knee since November 2019 in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

2

(3) DISMISSES Wexford of Indiana, LLC, Dr. Liaw, and John R. Harvil;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Dorthy Livers at Wexford of Indiana, LLC, with a copy of this order and the amended complaint (ECF 6), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS Wexford of Indiana, LLC, to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Lt. Watson and Correctional Officer Blakley to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

July 6, 2020                                                    *s/ Damon R. Leichty*
                                                                Judge, United States District Court