UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RANDY N. SEWELL,

Plaintiff,

v.                                          CAUSE NO. 3:20-CV-334-DRL-MGG

DORTHY LIVERS,

Defendant.

OPINION AND ORDER

Randy N. Sewell, a prisoner without a lawyer, filed a second amended complaint naming two defendants. ECF 23. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

When the previous complaint was screened, Mr. Sewell was granted leave to proceed against Dorthy Livers. ECF 7. Because the portion of the second amended complaint discussing his claims against her are unchanged, it is unnecessary to repeat the analysis of them in this order. This amended complaint adds one paragraph in an attempt to state a claim against Wexford of Indiana, LLC. ECF 23 at 5. Wexford is the company contracted to provide medical care for the Indiana Department of Correction. A private

company performing a state function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). "The critical question under *Monell . . .* is whether a municipal (or corporate) policy or custom gave rise to the harm (that is, caused it), or if instead the harm resulted from the acts of the entity's agents." *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017) (en banc).

Here, Mr. Sewell alleges Wexford has protocols and guidelines for treating chronic care patients. He does not explain what protocols nor medical conditions are relevant to this claim. Neither does he characterize Wexford's protocols or guidelines as constitutionally inadequate. Rather, he alleges deviations from them result in constitutionally inadequate medical care. He does not explain what deviations have occurred in this case. His claim against Dorthy Livers is that she "has purposely ignored my complaints and neglected to medically treat my chronic care conditions by not seeing me, Randy N. Sewell, or referring me to the provider, Dr. Liaw." ECF 23 at 3. Nothing about her allegedly ignoring his need for medical care implies that he was harmed by a policy or custom of Wexford. Rather, the facts alleged merely suggest he might have been harmed by the act or omissions of Dorthy Livers. Therefore, the second amended complaint does not state a claim against Wexford.

Dorthy Livers filed an answer to the first amended complaint in which she raised the affirmative defense that Mr. Sewell did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). ECF 16 at 2. Because the second amended complaint did not change the claims against her, it is unnecessary for her to file another answer. This

circuit has explained "that exhaustion is…a preliminary issue for the court." *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). Therefore, the court will set a deadline to file a summary judgment motion addressing the exhaustion of administrative remedies.

For these reasons, the court:

(1) GRANTS Randy N. Sewell leave to proceed against Dorthy Livers in her individual capacity for compensatory and punitive damages for being deliberately indifferent to his need for medical treatment of his lower back, spine, and right knee since November 2019 in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Wexford of Indiana, LLC;

(4) GRANTS Dorthy Livers until **May 20, 2021**, to file to file a summary judgment motion based on the exhaustion of administrative remedies;

(5) CAUTIONS Dorthy Livers this affirmative defense will be waived if it is not raised in a summary judgment motion by the deadline; and

(6) REMINDS Dorthy Livers Local Rule 56-1 requires, "A party seeking summary judgment against an unrepresented party must serve that party with the notice contained in Appendix C."

SO ORDERED.

March 22, 2021                                    *s/ Damon R. Leichty*
                                                 Judge, United States District Court