UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RANDY N. SEWELL,

        Plaintiff,

   v.                                              CAUSE NO. 3:20-CV-334-DRL-MGG

LIVERS,

        Defendant.

OPINION AND ORDER

Randy N. Sewell, a prisoner without a lawyer, is proceeding in this case "against [Nurse] Livers in her individual capacity for compensatory and punitive damages for being deliberately indifferent to his need for medical treatment of his lower back, spine, and right knee since November 2019 in violation of the Eighth Amendment[.]" ECF 7 at 2. Nurse Livers filed a motion for summary judgment, arguing Mr. Sewell did not exhaust his administrative remedies before filing suit. ECF 29. Mr. Sewell filed a response, and Nurse Livers filed a reply. ECF 41, 44. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving

party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The law takes a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). A prisoner can be excused from exhausting if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). When prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered available. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, a remedy becomes 'unavailable' if prison

employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

In her summary judgment motion, Nurse Livers argues Mr. Sewell did not exhaust his administrative remedies because he filed no accepted formal grievances related to his claims in this lawsuit. ECF 30 at 5-6. Specifically, Nurse Livers provides evidence Mr. Sewell submitted one grievance in December 2019 related to his claim in this lawsuit, but the grievance office rejected this grievance because Mr. Sewell did not provide evidence of an attempt at informal resolution. ECF 30-4, 30-5. Moreover, Mr. Sewell submitted a second grievance in March 2020 related to his claim in this lawsuit, but this grievance was rejected (1) as untimely and (2) because Mr. Sewell did not provide evidence of an attempt at informal resolution. ECF 30-6, 30-7.

Mr. Sewell does not dispute that he did not complete the grievance process. ECF 41. Instead, he argues the grievance process was unavailable to him because the grievance office improperly rejected his formal grievances, as he did make attempts at informal resolution prior to filing his formal grievances. *Id.* at 2. Mr. Sewell provides evidence he made numerous attempts to informally resolve his complaints between November 2019 and March 2020. ECF 41-1 at 9-12.

Here, the court accepts as undisputed that Mr. Sewell made attempts to informally resolve his complaints prior to submitting his formal grievances. However, Mr. Sewell does not allege or provide any evidence he submitted proof of his attempts at informal resolution to the grievance office with his formal grievances, as required by the Offender Grievance Process. *See* ECF 30-8 at 8-9 ("Before filing a grievance, an offender is required

3

to attempt to resolve a complaint informally *and* provide evidence . . . of the attempt") (emphasis added). Nor does Mr. Sewell allege or provide evidence that, after his formal grievances were rejected, he resubmitted his formal grievances with proof of his attempts at informal resolution. *See id.* at 10 (once a formal grievance has been rejected, "[i]t shall be the responsibility of the offender to make the necessary revisions to the grievance form and to return the revised form to the Offender Grievance Specialist within five (5) business days from the date that it is returned to the offender"); *see also* ECF 30-5, 30-7 (instructing Mr. Sewell that: "There is no indication that you tried to informally resolve your complaint. If you have tried to resolve it informally, please fill out the grievance form to indicate that"). There is no evidence Mr. Sewell followed these instructions and made any attempt to remedy the deficiencies in his formal grievances.

Accordingly, because it is undisputed Mr. Sewell never provided evidence of his attempts at informal resolution to the grievance office, the undisputed evidence shows Mr. Sewell never properly submitted any formal grievance related to his claims in this lawsuit. *See Pozo*, 286 F.3d at 1023 (providing that, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred"). Summary judgment is thus warranted in favor of Nurse Livers.

For these reasons, the court:

(1) GRANTS Nurse Livers' summary judgment motion (ECF 29); and

(2) DIRECTS the clerk to enter judgment in favor of Nurse Livers and against Randy N. Sewell and to close this case.

4

SO ORDERED.

December 3, 2021                                         *s/ Damon R. Leichty*
                                                        Judge, United States District Court